UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| VINCENT JOHN HALL, | ) | Civil Action No.: 6:06-cv-3110-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JAMES DAVID WATSON, | ) | |
| TRACY FINKLEA, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, appearing *pro se*, brought this action under 42 U.S.C. § 1983 against his defense attorney and the detective who testified at his preliminary hearing. Plaintiff, who is currently incarcerated at the Dillon County Detention Center, alleges ineffective assistance of counsel and contends that such is a violation of his civil rights and is actionable under § 1983. Plaintiff further alleges that Detective Finklea committed perjury at his preliminary hearing, which caused Plaintiff to suffer cruel and unusual punishment, false imprisonment, and negligent retention.

This matter comes before the court with the Report and Recommendation [Docket Entry #4] of Magistrate Judge William M. Catoe in which he recommended the Plaintiff's case be dismissed without prejudice and without issuance and service of process. On November 27, 2006, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation.

## Standard of Review

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de*

*novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions.  28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed.  *Id*.  However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations.  *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

## Discussion

The Magistrate Judge recommended summary dismissal of Plaintiff's complaint for the following reasons: 1) Plaintiff's defense counsel is not a state actor; therefore, Plaintiff cannot bring a § 1983 action against Attorney Watson for alleged ineffective assistance of counsel; 2) Detective Finklea, testifying as a witness at the preliminary hearing, was not a state actor; therefore, Plaintiff cannot bring a § 1983 action against Detective Finklea; and 3) to the extent Plaintiff challenges his detention based on Detective Finklea's alleged perjury at the preliminary hearing, Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Plaintiff argues in his objections that perjury and obstruction of justice are extraordinary circumstances and in such cases the Federal District Court is authorized to interfere with a state criminal proceeding.  However, this court will not interfere with pending state court criminal proceedings in the absence of "both *great* and *immediate*" irreparable injury to the plaintiff. *Younger v. Harris*, 401 U.S. 37, 43-46 (1971) (recognizing longstanding public policy

against federal court interference with state court proceedings and noting federal courts should not enjoin state court criminal proceedings in the absence of both great and immediate irreparable injury). Elaborating on the "great and immediate" irreparable injury requirement, the Supreme Court stated:

> Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Younger*, 401 U.S. at 46. In this case, Plaintiff has failed to show any "*great* and *immediate*" irreparable injury that would warrant federal intervention in his pending state court criminal proceedings. Therefore, Plaintiff's request for injunctive or equitable relief, that this court "throw out the indictment" and grant a new preliminary hearing, is denied.

With regard to Plaintiff's claim for damages based on pain and suffering, Plaintiff stated in his objections that he "hereby waives the damages portion of this civil action." Plaintiff's Objections to Report and Recommendation, at pg. 1 [Docket Entry #5].

### Conclusion

For the reasons stated above and by the Magistrate Judge, the court overrules Plaintiff's objections and adopts the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. Plaintiff's complaint is hereby **DISMISSED without prejudice** and without issuance and service of process. All pending motions are hereby rendered **MOOT**.

**IT IS SO ORDERED**.

(signature page to follow)

May 11, 2007                                                              s/ R. Bryan Harwell
Florence, South Carolina                                          R. Bryan Harwell
                                                                                  United States District Judge